IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY DOMINIQUE COLEMAN, <br><br> Plaintiff, <br><br> v. <br><br> GEICO CHOICE INSURANCE COMPANY and CREDIT COLLECTION SERVICES, INC., <br><br> Defendants. | Civil Action No. |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Ashley Dominique Coleman, against GEICO Choice Insurance Company ("GEICO") and Credit Collection Services, Inc. ("CCS"), for violations of the Fair Credit Reporting Act ( "FCRA"), 15 U.S.C. §§ 1681, *et seq.,* Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 P.S. §201-1, *et seq.* ("UTPCPL") and the Pennsylvania Fair Credit Extension Uniformity Act. 73 P.S. §2770.4 ("FCEUA").

### THE PARTIES

2. Plaintiff Ashley Dominique Coleman is an adult individual residing in Philadelphia, Pennsylvania.

3. GEICO is a Maryland corporation registered to conduct business in the Commonwealth of Pennsylvania.

4. CCS is a Massachusetts corporation registered to conduct business in the Commonwealth of Pennsylvania.

## JURISDICTION & VENUE

5. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

6. This Court further possesses supplemental jurisdiction pursuant to 28 U.S.C. §1367 as the state law claims alleged here are related to the claims in this matter within original jurisdiction so as to be considered part of the same case or controversy.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Defendants possess sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

8. Ms. Coleman is a "consumer" as that term is defined by the FCRA, FDCPA and FCEUA. 15 U.S.C. §1681a(c), 15 U.S.C. §1692a(3), 73 P.S. §2270.3.

9. GEICO is a "creditor" and/or "debt collector" as that term is defined by the FCEUA. 73 P.S. §2770.3.

10. GEICO is a user of consumer reports as that term is defined by the FCRA. 15 U.S.C. §1681b(f).

11. CCS is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. §1692a(6).

12. All contacts between Defendants GEICO and CCS and Ms. Coleman were "communications" relating to a "debt" as defined by the FDCPA and FCEUA. 15 U.S.C. §§1692a(2), 1692a(5), 73 P.S. §2270.3.

13. The debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

14. At all times material hereto, the debt at issue is in reference to Ms. Coleman's auto insurance policy which was cancelled by Defendant GEICO without notice or permission from Ms. Coleman. Geico, however, continued to charge Ms. Coleman premiums after the policy was cancelled. Plaintiff thus does not owe the alleged debt to Defendants. (hereafter the "debt").

**A. Allegations Relating to the Violations of FDCPA, UTPCPL and FCEUA by Defendants**

15. On or about March 22, 2020, GEICO cancelled Ms. Coleman's auto insurance policy without informing her that her policy was cancelled and continued to bill her for monthly premiums.

16. In or around, June 2020, Ms. Coleman was shocked to learn that she did not have auto insurance coverage for the three previous months.

17. On or about June 8, 2020, Ms. Coleman contacted GEICO to reinstate her policy. GEICO, however failed to reinstate her policy despite Ms. Coleman's request to do so.

18. Although Ms. Coleman continued to contact GEICO on numerous occasions via telephone to reinstate her policy, GEICO never reinstated her policy.

19. Notwithstanding the above, Ms. Coleman received a bill from GEICO for the auto insurance policy demanding payment of $612 for months that she was not covered.

20. Ms. Coleman contacted GEICO once again on July 2, 2020 via telephone to correct the billing issue to no avail.

21. Notwithstanding the above, GEICO erroneously began engaging in collection activities against Ms. Coleman for the alleged debt at issue.

22. Ms. Coleman received a collection letter, dated September 13, 2020, from GEICO requesting payment of $731.77.

23. GEICO further engaged Defendant CCS to amplify its collection activities by having CCS send its own dunning letter on or about October 22, 2020 to Ms. Coleman.

24. The activities described above were all done by GIECO and CCS in an attempt to collect the debt with the intent to annoy, abuse and harass Ms. Coleman.

25. GEICO and CCS acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

26. GEICO and CCS acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of the debt.

27. GEICO and CCS acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

28. GEICO and CCS acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

29. GEICO and CCS knew or should have known that their actions violated the FDCPA and/or FCEUA.  Additionally, GEICO and CCS could have taken the steps necessary to bring their agents' actions within compliance but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

**B. Allegations Relating to the Violations of FCRA by GEICO**

30. GEICO accessed Plaintiff's credit file in or around May 2020 through consumer reporting agency Trans Union, LLC ("TransUnion") impermissibly without Plaintiff's consent or knowledge or legitimate business reason to do so, and then never informed Plaintiff of this illegal and impermissible access.

31. GEICO has been afforded, through contract, a direct access terminal whereby it may, for certain permissible and lawful purposes, access consumer reports from TransUnion and possibly other consumer reporting agencies as well.

32. Upon its inquiries to TransUnion, GEICO falsely certified that it was inquiring for an extension of credit or an account review relating to Plaintiff.

33. GEICO had no lawful purpose for accessing Plaintiff's credit file and accessed it without any consent or knowledge of the Plaintiff.

34. GEICO made illegal and impermissible access under false pretenses by falsely certifying their alleged reasons for obtaining the consumer report(s).

35. At all times pertinent hereto, GEICO and CCS were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

36. At all times pertinent hereto, the conduct of GEICO and CCS as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Ms. Coleman herein.

37. As of result of GEICO's and CCS' conduct, Ms. Coleman has suffered actual damages in the form of harm to ascertainable losses including premiums deducted from her bank

account when she had no insurance coverage, time lost disputing, invasion of privacy and emotional distress, including humiliation and embarrassment.

## COUNT I – GEICO
## VIOLATIONS OF FCEUA

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. GEICO violated the FCEUA as described above by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. 73 P.S. §2770.4(b)(4).

40. GEICO violated the FCEUA as described above by using false, deceptive or misleading representations or means in connection with the collection of any debt. 73 P.S. §2770.4(b)(5).

41. GEICO violated the FCEUA as described above by misrepresenting the character, amount, or legal status of the debt. 73 P.S. §2770.4(b)(5)(ii).

42. GEICO violated the FCEUA as described above by threatening to take any action that cannot legally be taken or that is not intended to be taken. 73 P.S. §2770.4(b)(5)(v).

43. GEICO violated the FCEUA as described above by the use of false representation or deceptive means to collect or attempt to collect against Ms. Coleman. 73 P.S. §2770.4(b)(5)(x).

44. GEICO violated the FCEUA as described above by using unfair or unconscionable means to attempt to collect the debt. 73 P.S. §2770.4(b)(6).

45. GEICO's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Ms. Coleman's rights under the law.

46. GEICO's conduct was absent bona fide error and a direct and proximate cause and/or substantial factor in causing the injuries to Ms. Coleman as described above.

47. GEICO's violations of the FCEUA identified herein constitute a violation of the UTPCPL and, as a result, Defendant is liable to Ms. Coleman for damages to include: statutory damages, actual damages, treble damages, costs of this action and attorney's fees. 73 P.S. §2770.5(a), 73 P.S. 201-9.2(a).

### COUNT II – CCS
### VIOLATIONS OF FDCPA

48. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49. CCS violated the FDCPA as described above by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

50. CCS violated the FDCPA as described above by using false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

51. CCS violated the FDCPA as described above by misrepresenting the character, amount, or legal status of the debt. 15 U.S.C. § 1692e(2)(A).

52. CCS violated the FDCPA as described above by threatening to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

53. CCS violated the FDCPA as described above by the use of false representation or deceptive means to collect or attempt to collect against Ms. Coleman. 15 U.S.C. § 1692e(10).

54. CCS violated the FDCPA as described above by using unfair or unconscionable means to attempt to collect the debt. 15 U.S.C. § 1692f.

55. CCS violated the FDCPA as described above by failing to comply with notice requirements in its initial communications with Ms. Coleman. 15 U.S.C. § 1692g.

56. CCS' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Ms. Coleman's rights under the law and with the purpose of coercing Ms. Coleman to pay the alleged debt.

57. As a result of the above violations of the FDCPA, CCS is liable to Ms. Coleman for: statutory damages, actual damages and attorneys' fees and costs. 15 U.S.C. § 1692k.

## COUNT III – GEICO
## VIOLATIONS OF THE FCRA

58. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

59. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, GEICO is liable to Ms. Coleman for willfully and negligently failing to comply with the requirements imposed on users of consumer reports pursuant to 15 U.S.C. §§ 1681b(f), 1681n(b) and 1681q as set forth above. The conduct of GEICO is a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Ms. Coleman that are outlined more fully above and, as a result, GEICO is liable to Ms. Coleman for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

60. Ms. Coleman demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Ms. Coleman requests judgment in her favor and against Defendants GEICO and CCS for damages to include statutory damages, actual damages, treble damages, punitive damages costs of this action, reasonable attorney's fees as claimed above and such other relief that this Court deems proper.

        Respectfully Submitted,

        **GORSKI LAW, PLLC**

        _/s/ Gregory Gorski_
        GREGORY GORSKI
        PA Attorney ID: 91365
        1635 Market Street, Suite 1600
        Philadelphia, PA 19103
        Tel: 215-330-2100
        Email: greg@greggorskilaw.com

        Attorneys for Plaintiff

Dated:   March 16, 2021